# Collective

# Exhibit A

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

**IN THE SUPERIOR COURT OF FLOYD COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| GLENDA DIXON,<br>Plaintiff<br>v.<br>DOLLAR GENERAL CORPORATION;<br>Defendant. | 25CV00240<br>Case No. __________<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT FOR DAMAGES</u>**

Plaintiff Glenda Dixon ("Plaintiff" or "Ms. Dixon") files this Complaint for Damages against Defendant Dollar General Corporation ("Defendant" or "Dollar General") based on the injuries that Ms. Dixon sustained at the Dollar General store number 08020 in Rome, Georgia on March 22, 2023.

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff is a resident of the State of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant Dollar General Corporation is a foreign profit corporation existing under the laws of Delaware with its principal place of business in Tennessee.

3.

Defendant Dollar General Corporation may be served through its registered agent at CSC of Stephens County, Inc. located at 597 Big A Road, Toccoa, GA 30577 in Stephens County, Georgia.

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

4.

Defendant Dollar General Corporation is subject to the jurisdiction of this Court.

5.

Jurisdiction and venue are proper in this Court.

**FACTUAL BACKGROUND**

6.

On March 22, 2023, Glenda Dixon was an invitee at the Dollar General store located at 1100 North 5th Avenue, Rome, Georgia 30165.

7.

Ms. Dixon was at the Dollar General to purchase a birthday card.

8.

As Ms. Dixon was walking down an aisle, Ms. Dixon slipped on a clear liquid that had leaked on the floor from a broken garlic jar.

9.

As Ms. Dixon slipped, her right knee twisted as she fell, and Ms. Dixon felt pain in her right knee.

10.

There were no cones or other warnings in the area of the clear liquid at the time Ms. Dixon fell.

11.

Defendant Dollar General had exclusive ownership, possession, and control over the Dollar General store at all times relevant to this litigation.

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

12.

As a result of the fall, Ms. Dixon suffered injuries to both knees and her left shoulder. In particular, Ms. Dixon suffered a tear in her right knee's medial meniscus.

**Count One: Premises Liability**

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

14.

Plaintiff was an invitee on the premises at the time of the fall.

15.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

16.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor, and in failing to keep the premises safe for invitees.

17.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

**Count Two: Vicarious Liability**

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

19.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by defendant and were acting within the scope of their employment.

20.

Defendant is responsible for the conduct of these individuals under the doctrine of respondeat superior, agency or apparent agency.

**Count Three: Negligent Training and Supervision**

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

23.

Defendant was negligent in training and supervising its staff.

24.

As a result of defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

**E-filed for Record**
**2/14/2025 3:29 PM**
**Floyd County, GA**

**Count Four: Punitive Damages**

25.

Plaintiff references and incorporates the foregoing paragraphs as if fully set forth and alleged herein.

26.

Defendant's actions consisted of willful misconduct, malice, fraud, wantonness, oppression, and the entire want of care that show Defendant was consciously indifferent to the consequences of Defendant's actions.

27.

Defendant acted unjustifiably, in bad faith, intentionally, and grossly negligent.

28.

Plaintiff is entitled to recover punitive damages from Defendants in accordance with the enlightened conscious of an impartial jury.

**Count Five: Expenses of Litigation Under O.C.G.A. § 13-6-11**

Plaintiff references and incorporates the foregoing paragraphs as if fully set forth and alleged herein.

29.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

30.

Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action pursuant to O.C.G.A. § 13-6-11.

**E-filed for Record**
**2/14/2025 3:29 PM**
**Floyd County, GA**

WHEREFORE, plaintiff prays that he/she have a trial on all issues and judgment against defendant as follows:

a) That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b) That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

c) That plaintiff recover such other and further relief as is just and proper; and

d) That all issues be tried before a jury.

This 14th day of February 2025

**BELL WILSON LAW, LLC**

*/s/ T. Peyton Bell*
T. PEYTON BELL
Georgia Bar No. 571663
peyton@bellwilsonlaw.com
W. Matthew Wilson
Georgia Bar No. 392385
matthew@bellwilsonlaw.com
*Attorneys for Plaintiff*

BELL WILSON LAW, LLC
729 Piedmont Avenue, NE
Atlanta, GA 30308
Telephone (678) 916-8758
Fax (678) 820-7441

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of FLOYD County

For Clerk Use Only

Date Filed 2/14/2025 (MM-DD-YYYY)  Case Number 25CV00240

| Plaintiff(s) | Defendant(s) |
|---|---|
| GLENDA DIXON | DOLLAR GENERAL CORPORATION |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

Plaintiff's Attorney ______ Bar Number ______ Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

______ Case Number  ______ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ______ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

IN THE SUPERIOR COURT OF FLOYD COUNTY
STATE OF GEORGIA

GLENDA DIXON,

Plaintiff

v.

DOLLAR GENERAL CORPORATION;

Defendant.

Case No. 25CV00240

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT DOLLAR GENERAL CORPORATION**

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiff hereby requests that Defendant Dollar General Corporation ("Defendant") respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Bell Wilson Law, LLC, 729 Piedmont Avenue, NE, Atlanta, Georgia 30308.

Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

**DEFINITIONS AND INSTRUCTIONS**

A. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant to serve upon all parties supplemental answers if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, and electronically-stored information.

C. "Electronically-stored information" ("ESI") should be afforded the broadest possible meaning and include (by way of example and not as an exclusive list) potentially relevant

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

information stored electronically, magnetically, or optically in any digital file storage or extension.

D. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

E. "Identify" with respect to any "person" or "place" or any reference to stating the "identity" of any "person" or "place" means to provide the name, home address, telephone number, business name, business address, business telephone number, email address, and a description of each such person's or place's connection with the events in question.

F. "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

G. These Interrogatories shall be deemed continuing, and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

H. You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

I. "Incident" means the incident described in the Complaint.

**INTERROGATORIES**

1.

Identify the person or persons responsible for preparing Defendant's responses to these interrogatories, and identify all persons consulted in the process of preparing such responses.

2.

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

Identify any entity or person with any financial interest, lease, or ownership interest in the premises where the incident occurred on the date of the incident.

3.

Identify all persons and entities that owned, leased, controlled, developed, or managed the property where Plaintiff fell as alleged in the Complaint. If ownership or control has changed at any time since that time, then identify every subsequent person or entity that has owned or controlled the premises.

4.

Identify each person working on the premises with any duties for the area where this incident occurred on the date of this incident, including the person's name, current address, current employer, telephone number, and email address. If the person is a former employee, please state when the person's employment for Defendant ended and whether Defendant has notified the employee of the claims asserted in the Complaint.

5.

Identify and describe all policies and procedures for the inspecting, cleaning, and maintain aisles, stocking shelves, and restocking shelves in the aisles at Dollar General Stores.

6.

Are there or have there been any videotapes, photographs, plats, or drawings of the scene of the incident referred to in the complaint? If so, describe such videotapes, photographs, plats, and drawings and give the name and address of the person having custody and control thereof.

7.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period before this incident and the one-year period after this incident? If so, please

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

describe each incident and identify the date of each incident and the name, mailing address, telephone number, and email address of any person involved in each incident.

8.

Have there ever been any complaint made about the area where this incident occurred? If so, please identify the date of each complaint, the person making the each complaint, the contact information for each person making a complaint, the nature of each complaint, and any action taken as a result of each complaint.

9.

Has any entity issued a policy of liability insurance to Defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

10.

Describe how Plaintiff slipped at the Dollar General Store on the date of the incident.

11.

Describe in detail any and all record and document management policies, including in your response:

a. Records retention policies and procedures, including policies and procedures governing the retention and preservation of electronic documents, including, but not limited to e-mail, electronic spreadsheets, electronic memoranda, and similar documents;

b. Procedures concerning employee laptops or other off-premises computers, as well as procedures concerning employees taking work off premises;

c. Procedures concerning the retention of documents created or maintained by former employees;

d. Procedures for locating, identifying, producing and/or reproducing electronic documents and for complying with discovery requests, including procedures for protecting and collecting computer or electronically stored information, as well as

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

for informing employees to preserve documents, both paper and electronic, relevant to litigation and potential litigation.

12.

State the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

13.

Does Defendant contend that Plaintiff was responsible, negligent, or contributorily negligent for Plaintiff's damages described in the Complaint? If yes, please provide the following information:

a. State each act or omission of Plaintiff which Defendant contends was negligent;

b. Identify every person whom Defendant contends witnessed said act or omission or who has personal knowledge thereof; and

c. Identify all documents which evidence, reflect, or relate to any such act or omission.

14.

Do you contend that any other person, business entity, or government entity is responsible in any way for Plaintiff's damages described in the Complaint? If your answer is in the affirmative, please state the facts on which you rely in making this contention, as well as:

a. The names, addresses and telephone numbers of all persons who have knowledge of the facts; and

b. Any and all writings and other tangible things that support your contention and state the name, address, and telephone number of the person who has each writing or tangible thing.

15.

Identify all persons known to Defendant whom Defendant believes to have personal knowledge of any fact related to Plaintiff's claims in the Complaint or Defendant's defenses asserted in Defendant's Answer. For any such person, identify the person's name, phone number,

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

email address, home address, business address, current employer, and job title. For any such person that is a former employee of Defendant, state when the former employee's employment with Defendant ended and whether Defendant is aware of any attorney representing the former employee relating to this litigation.

16.

Please describe any inspection procedures utilized in regard to inspecting and maintain the area where this incident occurred.

17.

Please describe all policies and procedures for stocking or restocking shelves at Dollar General Stores in effect at the time of the incident.

18.

Identify all persons whom you expect to call or may call as expert witnesses upon the trial of this matter. With respect to each such person so identified, please also provide the following information:

a. The specific subject matter upon which each such expert is expected to testify;

b. The substance of the facts, opinions, and conclusions to which you expect such expert to testify;

c. A summary of the factual grounds for each such opinion or conclusion; and

d. Whether any such person has prepared or provided to you a written or recorded statement or report concerning their investigation and, if so, the name and address of all persons who have a copy or draft of each such report or statement.

19.

State whether any other lawsuit has been filed against Defendant in the last five (5) years relating to injuries sustained by persons at properties owned, operated, or managed by Defendant.

20.

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

This 14th day of February 2025

**BELL WILSON LAW, LLC**

/s/ T. Peyton Bell
T. PEYTON BELL
Georgia Bar No. 571663
peyton@bellwilsonlaw.com
W. Matthew Wilson
Georgia Bar No. 392385
matthew@bellwilsonlaw.com
*Attorneys for Plaintiff*

BELL WILSON LAW, LLC
729 Piedmont Avenue, NE
Atlanta, GA 30308
Telephone (678) 916-8758
Fax (678) 820-7441

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

IN THE SUPERIOR COURT OF FLOYD COUNTY
STATE OF GEORGIA

GLENDA DIXON,

Plaintiff

v.

DOLLAR GENERAL CORPORATION;

Defendant.

Case No. 25CV00240

**PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT DOLLAR GENERAL CORPORATION**

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-36 et seq., Plaintiff serves these Requests for Admissions on Defendant Dollar General Corporation ("Defendant") and requests that Defendant respond by fully admitting in writing under oath to each request as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Bell Wilson Law, LLC, 729 Piedmont Avenue, NE, Atlanta, Georgia 30308.

**EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER.**

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by Plaintiff in making that proof, including reasonable attorney fees. The Court must make such order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice Act, or that the

admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

**REQUESTS FOR ADMISSION**

1.

Admit that Defendant has been correctly named in the present cause of action.

2.

Admit that service of the Complaint, Summons, and Discovery on Defendant was statutorily proper.

3.

Admit that Floyd County Superior Court has jurisdiction over the subject matter of this case.

4.

Admit that Defendant is subject to personal jurisdiction in the Floyd County Superior Court.

5.

Admit that Defendant is subject to venue in the Floyd County Superior Court.

6.

Admit that Plaintiff's Complaint states a claim upon which relief can be granted.

7.

Admit that Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19 in this cause of action.

8.

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

Admit that employees, representatives, and agents of Defendant have sent communication, including but not limited to email communications and other electronic communications, regarding the events described in the Complaint in this matter.

***Served with Plaintiff's Complaint***

This 14th day of February 2025

**BELL WILSON LAW, LLC**

*/s/ T. Peyton Bell*
T. PEYTON BELL
Georgia Bar No. 571663
peyton@bellwilsonlaw.com
W. Matthew Wilson
Georgia Bar No. 392385
matthew@bellwilsonlaw.com
*Attorneys for Plaintiff*

BELL WILSON LAW, LLC
729 Piedmont Avenue, NE
Atlanta, GA 30308
Telephone (678) 916-8758
Fax (678) 820-7441

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

IN THE SUPERIOR COURT OF FLOYD COUNTY
STATE OF GEORGIA

| | |
|---|---|
| GLENDA DIXON,<br><br>Plaintiff<br><br>v.<br><br>DOLLAR GENERAL CORPORATION;<br><br>Defendant. | Case No. 25CV00240 |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DOLLAR GENERAL CORPORATION**

Pursuant to O.C.G.A. §§ 9-11-26, 9-11-34 et seq., Plaintiff hereby requests that Defendant Dollar General Corporation ("Defendant") respond separately in writing and under oath, to the following Requests for Production of Documents to Defendant Dollar General Corporoation as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Bell Wilson Law, LLC, 729 Piedmont Avenue, NE, Atlanta, Georgia 30308.

Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

**DEFINITIONS AND INSTRUCTIONS**

A. This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 9-11-34, et seq., so as to require Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

B. If Defendant withholds any document based on an asserted privilege or other exception to the production of an otherwise discoverable document, then provide the following

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

information about each document as required pursuant to the Georgia Civil Practice Act:

(1) the type of document and a description of the type of document;
(2) the current location of the document;
(3) the date of the document and drafts of the documents;
(4) all authors and recipients of the document; and
(5) a statement a clear statement of what privilege is being asserted and the basis of the asserted privilege.

C. If a requested document is no longer in your possession, custody or control, please identify the document with specificity, whether any person or entity is in possession, custody, or control of the document, and what steps Defendant could take to obtain the document. If the document no longer exists, then please state when the document was destroyed and what steps, if any, were taken to preserve the document before the destruction of the document. If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

D. In producing the requested documents, furnish all documents in the document's original form. Please produce all ESI in their original, native form.

E. "Document" whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, and electronically-stored information.

F. "Electronically-stored information" ("ESI") should be afforded the broadest possible meaning and include (by way of example and not as an exclusive list) potentially relevant information stored electronically, magnetically, or optically in any digital file storage or extension.

G. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

H. "Incident" means the incident described in the Complaint.

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

All documents identify by Defendant in response to Plaintiff's Interrogatories.

2.

All documents referring to Defendant's records retention policies and procedures, including policies and procedures governing the retention and preservation of electronic documents, including but not limited to e-mail, word processing documents, electronic spreadsheets, electronic memoranda, and similar documents.

3.

All documents regarding the corporate ownership and formation of Defendant, including but not limited to, any operating agreement, articles of incorporation, bylaws, or similar documents.

4.

All documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of Defendant's responses to Plaintiff's Interrogatories.

5.

All correspondence or communication to or from Defendant which evidence, reflect, or relate to any of the facts that form the subject matter of this litigation.

6.

All documents which Defendant contends contain relevant information in support of any defense asserted by Defendant in this lawsuit.

E-filed for Record
2/14/2025 3:29 PM
Floyd County, GA

7.

All documents that reflect, refer to, or relate to any of the facts that form the subject matter of this litigation.

8.

All documents regarding incidents of injuries from falls or injuries involving slips or falls at any property owned, leased, controlled, or managed by Defendant in the State of Georgia from the three (3) years before the Subject Incident to the present.

9.

All contracts or written agreements with any person or entity providing maintenance, inspection, or services for the aisles at the Subject Premises.

10.

All maintenance, repair, construction, building, and demolition records relating to the sidewalks, curbs, and curb ramps at the Subject Premises from the three years before this incident to the present.

11.

All documents pertaining to the Defendant's investigation of the Subject Incident.

12.

All written or recorded statements pertaining to the Subject Incident.

13.

All risk assessments relating the premises where the incident occurred performed by Defendant or any of its agents or affiliates in the three years before this incident to the present.

**E-filed for Record**
**2/14/2025 3:29 PM**
**Floyd County, GA**

14.

All policies and procedures relating to the reporting, maintenance, inspection, or service of walking surfaces at any property owned, leased, operated, or managed by Defendant for the three years before the Subject Incident to present.

15.

All documents pertaining to existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy such judgment.

16.

All communications regarding any insurer's response or reaction with respect to the request that it defend this lawsuit and pay any damages assessed, pursuant to any insurance policy provisions. This request includes but is not limited to any letter of reservation of rights from any of your insurers.

17.

All documents, photographs, audio, or video recordings, or any documentation that concern Plaintiff, Plaintiff's physical or mental condition, injuries, or damages.

18.

All documents that you receive in response to your Requests for Production of Documents to nonparties in this litigation.

[*Attorney Signature Appears on the Following Page*]

**E-filed for Record**
**2/14/2025 3:29 PM**
**Floyd County, GA**

This 14th day of February 2025,

**BELL WILSON LAW, LLC**

*/s/ T. Peyton Bell*
T. PEYTON BELL
Georgia Bar No. 571663
peyton@bellwilsonlaw.com
W. Matthew Wilson
Georgia Bar No. 392385
matthew@bellwilsonlaw.com
*Attorneys for Plaintiff*

BELL WILSON LAW, LLC
729 Piedmont Avenue, NE
Atlanta, GA 30308
Telephone (678) 916-8758
Fax (678) 820-7441

FLC208 608

SUMMONS

# IN THE SUPERIOR COURT OF FLOYD COUNTY
## STATE OF GEORGIA

GLENDA DIXON

PLAINTIFF

*versus*

DOLLAR GENERAL CORPORATION

DEFENDANT

CIVIL ACTION NUMBER 25CV00240

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to file with the CLERK OF SAID COURT and serve upon the Plaintiff's attorney, whose name and address is:

T. Peyton Bell
729 Piedmont Avenue, NE
Atlanta, Georgia 30324

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This 14TH day of February, 20 25.

*CLERK OF SUPERIOR COURT:*

By /s/ Amanda Ruddell
*Deputy Clerk*

*INSTRUCTIONS: Attach addendum sheet for additional parties, if needed. Make notation on this sheet if addendum sheet is used.*

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA
25CV00240
JOHN E. NIEDRACH
MAR 03, 2025 09:38 AM
Mary Hardin Thornton, Clerk
Floyd County, Georgia

IN THE SUPERIOR COURT OF FLOYD COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| GLENDA DIXON, | ) | Civil Action No: 25CV00240 |
| Plaintiff, | ) | |
| v. | ) | |
| DOLLAR GENERAL CORPORATION, | ) | |
| Defendant. | ) | |

NOTICE OF APPEARANCE

COMES now Alaric A. Henry and the law firm of Luther-Anderson, PLLP and enters an appearance on behalf of the Defendant, Dollar General Corporation, in the above-styled case providing they are properly served and before the Court.

Respectfully submitted,

**LUTHER - ANDERSON, PLLP**

BY:______________________________

ALARIC A. HENRY, GA BAR# 347510
*Attorneys for Dollar General*
One Union Square, Suite 700
100 W. Martin Luther King Blvd.
Chattanooga, Tennessee 37402
(423) 756-5034
(423) 265-9903 (fax)
aah@lutheranderson.com

CERTIFICATE OF SERVICE

This is to certify that I have this day filed this Notice of Appearance via Peachcourt and an electronic copy will be served to the attorney of record as follows:

T. Peyton Bell
W. Matthew Wilson
Bell Wilson Law, LLC
729 Piedmont Avenue, NE
Atlanta, GA 30308

This 3 day of March, 2025.

LUTHER - ANDERSON, PLLP

BY: ____________________

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA
25CV00240
JOHN E. NIEDRACH
MAR 03, 2025 05:35 PM
Mary Hardin Thornton, Clerk
Floyd County, Georgia

BELL WILSON
LAW FIRM

Bell Wilson Law, LLC
729 Piedmont Avenue NE
Atlanta, Georgia 30308
(678) 916-8758
(678) 820-7441, facsimile
bellwilsonlaw.com

March 3, 2025

**NOTICE OF LEAVE OF ABSENCE FOR T. PEYTON BELL**

To: All Judges, Clerks of Court, and Counsel of Record
From: T. Peyton Bell
Re: Notice of Leave of Absence
Date: February 28, 2024

T. Peyton Bell (Applicant) notifies all judges whom he has cases pending, all clerks of court, and all opposing counsel, that he will be on leave, pursuant to Georgia Uniform Court Rule 16.2.

(a) Applicant is attaching a list of the actions to be protected, including the action numbers.

(b) The reason for the leave of absence is for medical leave. The Applicant is scheduled for a laminectomy and fusion surgery on Tuesday, March 11, 2025.

(c) The duration of the requested leave of absence is Monday, March 10, 2025 through Monday, March 31, 2025.

Respectfully submitted this 3rd day of March 2025.

**BELL WILSON LAW, LLC**

/s/ *T. Peyton Bell*

T. PEYTON BELL
Georgia Bar No. 571663
peyton@bellwilsonlaw.com
W. Matthew Wilson
Georgia Bar No. 392385
matthew@bellwilsonlaw.com
*Attorneys for Plaintiff*

BELL WILSON LAW, LLC
729 Piedmont Avenue, NE
Atlanta, GA 30308
Telephone (678) 916-8758
Fax (678) 820-7441

**EXHIBIT A**

| Case Name<br>Civil Action File Number | Judge/Court/County/Clerk | Counsel of Record |
|---|---|---|
| ASLEY KYLE BRADY as Conservator for KELSEY BRADY, and CHARLES J. HEAD as husband and surviving spouse of SUSAN HEAD,<br><br>v.<br><br>C SCAPES UNLIMITED, INC., FERNANDE FERNANDO ESPARZA, JOHN DOES 1-10.<br><br>SUCV2023001180 | Judge Jeffrey L. Foster<br><br>Superior Court of Walton County<br><br>Karen P. David, Clerk | Pamela Newsome Lee<br>Christopher S. Antoci<br>1420 Peachtree Street, N.E., Suite 800<br>Atlanta, Georgia 30309-3231<br>Pamela.lee@swiftcurrie.com<br>Chris.antoci@swiftcurre.com |
| ANTHONY BURBANO<br><br>v.<br><br>CHARLES B. WHITE<br><br>23-A-1084 | Judge Carl W. Bowers<br><br>State Court of Cobb County<br><br>Tahnicia Phillips, Clerk | Dawn Pettigrew<br>3575 Piedmont Road, NE<br>15 Piedmont Center, Suite 200<br>Atlanta, GA 30305<br>Dpettigrew@hlpwlaw.com |
| GABRIELA CONTRERAS and RA-MON CONTRERAS<br><br>Plaintiffs,<br><br>v. | Judge Kelley M. Robertson<br><br>State Court of Hall County<br><br>Charles Baker, Clerk | Camille Dizon<br>Derron B. Bowles<br>McAngus, Goudelock & Courie, LLC<br>Post Office Box 57365<br>Atlanta, Georgia 30343 |

| | | |
|---|---|---|
| JOHNTOWN TRUCKING, INC.; ED-WARD CARLTON KELLY; AND NA-TIONAL INDEMNITY COMPANY<br><br>2023SV000705 | | |
| GLENDA DIXON<br>v.<br>DOLLAR GENERAL CORPORATION<br><br>25CV00240 | Judge John E. Niedrach<br><br>Superior Court of Floyd County<br><br>Mary Hardin Thonton, Clerk | Alaric A. Henry<br>One Union Square, Suite 700<br>100 W. Martin Luther King Blvd.<br>Chattanoog, Tennessee 37402<br>aah@lutheranderson.com |
| ASHTON GATLIN<br><br>v.<br><br>THE PARKE AT OAKLEY, LP, and AMERICAN LANDMARK MAN-AGEMENT, LLC<br><br>24-C-00071-S3 | Judge Carla E. Brown<br><br>State Court of Gwinnett County<br><br>Tiana P. Garner, Clerk | Susan J. Levy<br>Daimon L. Carter<br>125 Clairemont Avenue<br>Two Decatur Town Center, Suite 410<br>Decatur, GA 30030<br>susan@levypruettcullen.com<br>daimon@levypruettcullen.com<br>Counsel for The Parke at Oakley, LP<br><br>Michael P. Manfredi<br>Alex F. Resnak<br>3348 Peachtree Road NE, Suite 1400<br>Atlanta, GA 30326<br>michael.manfredi@wilsonelser.com<br>alex.resnak@wilsonelser.com<br>Attorneys form Defendant American Landmark Management, LLC |
| ROSA EDWARDS,<br><br>v.<br><br>TK ELEVATOR CORPORATION; LINCOLN PROPERTY COMPANY; 3925 BROOKSIDE PARKWAY, LLC; and JOHN DOES 1-10.<br><br>24-C-00470-S6 | Judge Veronica Cope<br><br>State Court of Gwinnett County<br><br>Tiana P. Garner, Clerk | Allison M. McDonald<br>Law Offices of Zanita King-Hughes<br>3655 North Point Parkway, Suite 500A<br>Alpharetta, Georgia 30005<br>Attorney for 3925 Brookside Parkway, LLC<br>Allison.mcdonald@thehartford.com<br>Counsel for Defendant 3925 Brookside Parkway, LLC<br><br>Mary-Margaret Noland<br>McAngus Goudelock & Courie, LLC<br>Post Office Box 57365<br>270 Peachtree Street, NW, Suite 1800 (30303) |

| | | |
|---|---|---|
| | | Atlanta, Georgia 30343<br>Mary-margaret.noland@mgclaw.com<br>Counsel for Defendant TK Elevator Corporation<br><br>Parks. K Stone<br>Dorothea I. Rigney<br>Wilson, Elser, Moskowitz, Edelman & Dicker, LLP<br>3348 Peachtree Road, N.E., Suite 1400<br>Atlanta, Georgia 30326<br>Parks.Stone@wilsonelser.com<br>Dory.Rigney@wilsonelser.com<br>Counsel for Defendant Lincoln Property Company |
| KRISTINA GUTIERREZ, as the mother and next friend of ARIANA MARCELLUS, the surviving child of RICKERSON MARCELLUS,<br><br>v.<br><br>SUN BRITE SERVICES, INC.; and NORBERT EMANUEL GOODRUM<br><br>**23-C-07893-S5** | Judge Erica K. Dove<br><br>State Court of Gwinnett County<br><br>Tiana P. Garner, Clerk | Charles M. Medlin<br>William R. Musgrove<br>cmm@boviskyle.com<br>bmusgrove@boviskyle.com<br>Bovis, Kyle, Burch & Medlin, LLC<br>Attorneys for Sun Brite Services, LLC<br><br>W. Curtis Anderson<br>anderson@downeycleveland.com<br>Downey & Cleveland, LLP<br>Attorney for UM State Farm<br><br>Jonathan M. Adelman<br>jadelman@waldonadelman.com<br>Waldon Adelman Castilla McNamara & Prout<br>Attorney for Norbert Goodrum |
| SAMANTHA MOORE<br><br>v.<br><br>TATIANA AYA PARRA<br><br>2023001257 | Judge W. Travis Sakrison<br><br>Superior Court of Coweta County<br><br>Niki Sewell, Clerk | Chauntis Jenkins-Floyd<br>PO Box 2903<br>Hartford, CT 06104<br>cjfloyd@travelers.com |
| STEVEN SHANE MOORE<br><br>v. | Judge Shawn F. Bratton<br><br>State Court of Gwinnett County | Anthony E. DeNapoli<br>Law Office of Assunta S. Fiorini<br>Tony.denapoli@farmersinsurance.com<br>Attorney for Defendants |

| | | |
|---|---|---|
| SENOR FIESTA # 3 LLC; ARELLANO ENTERPRISES, LLC; and JOHN DOES 1-10.<br><br>24-C-06629-S2 | Tiana P. Garner, Clerk | |
| ABDULLAH MUHAMMAD<br><br>v.<br><br>THOMAS EUGENE ARNOLD<br><br>2022-cv-1588-3 | Judge Layla H. Zon<br><br>Superior Court of Newton County<br><br>Linda, D. Hays, Clerk | Claire A. Sumner<br>William Salisbury<br>Lueder, Larkin & Hunter, LLC<br>3535 Piedmont Road<br>Building 14, Suite 205<br>Atlanta, Georgia 30305<br>csumner@luederlaw.com<br>wsalisbury@luederlaw.com<br>Attorneys for USAA General Indemnity Company<br><br>Williams S. Cowsert<br>Joseph D. Stephens<br>Cowsert Heath, LLP<br>P.O. Box 627<br>Athens, Georgia 30603<br>Bill.Cowsert@cowsertheath.com<br>Joe.Stephens@cowsertheath.com<br>Attorneys for Defendant |
| BRIAN REENE, Individually and as Parent of Mason Reene,<br><br>v.<br><br>NORTH PEACHTREE ACADEMY, INC.<br><br>24A04206 | Judge Charles E. Bailey<br><br>State Court of DeKalb County<br><br>Kimberly Brock, Clerk | Robert A. Luskin<br>Danielle N. Glover<br>3200 Cobb Galleria Parkway, Suite 250<br>Atlanta, GA 30339<br>rluskin@chartwelllaw.com<br>dglover@chartwelllaw.com |
| LYNDA SOUNDARA<br><br>v.<br><br>CHARLES WALTON KRAVER, JR and CHARLES | Judge Jaletta L. Smith<br><br>State Court of Gwinnett County<br><br>Tiana P. Garner, Clerk | Marc H. Bardack<br>Xander D. Melnick<br>100 Galleria Parkway<br>Suite 1600<br>Atlanta, GA 30339<br>mbardack@fmglaw.com<br>Xander.melnick@fmglaw.com |

| | | |
|---|---|---|
| WALTON KRAVER, III<br><br>19-C-04727-S7 | | |
| ZENOBIA STRICKLAND<br><br>Plaintiff,<br><br>v.<br><br>ENOCH DONKER and GUICE SERVICES, INC d/b/a ROOTER PROXPRESS<br><br>24-C-11687-S3 | Judge Carla E. Brown<br><br>State Court of Gwinnett County<br><br>Tiana P. Garner, Clerk | Mark G. Hatton<br>Corsi, Dobur & Berss<br>P.O. Box 674051<br>Marietta, Georgia 30006<br>GAEfile@progressive.com<br>Mark_G_Hatton@progressive.com |
| ANTONIA WASHINGTON,<br><br>v.<br><br>TK ELEVATOR CORPORATION; and JOHN DOES 1-10.<br><br>24-A-4420-6 | Judge Eric A. Brewton<br><br>State Court of Cobb County<br><br>Robin C. Bishop, Clerk | Erica L. Morton<br>Monica L. Wingler<br>SWIFT, CURRIE, MCGHEE & HIERS, LLP<br>1420 Peachtree Street, NE, Suite 800<br>Atlanta, Georgia 30309-3231<br>erica.morton@swiftcurrie.com<br>monica.wingler@swiftcurrie.com |